Case 19-23046-GLT    Doc 31    Filed 09/18/19    Entered 09/18/19 15:45:07    Desc Main
Document      Page 1 of 2

FILED
9/18/19 2:28 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 19-23046-GLT |
| **LEE W. PILLAR**, | ) | **Chapter 13** |
|       Debtor | ) | |
| **LEE W. PILLAR**, | ) | Document No.: |
|       Movant | ) | |
| v. | ) | |
| **ALLY FINANCIAL, CAVALRY PORTFOLIO** | ) | Hearing Date: |
| **SERVICES, CAVALRY SPV 1 LLC,** | ) | October 8, 2019, at 10:30 a.m. |
| **COMENITY BANK/BUCKLE** | ) | |
| **DUQUESNE LIGHT COMPANY,** | ) | |
| **EASTERN REVENUE INC., HUNTINGTON** | ) | |
| **BANK, LAW OFFICES OF MITCHELL** | ) | Related to Docket No. 19 |
| **BLUHM, M&T BANK, MIDLAND** | ) | |
| **FUNDING LLC, PRA RECEIVABLES** | ) | |
| **MANAGEMENT LLC, PENNSYLVANIA** | ) | |
| **DEPARTMENT OF REVENUE, STATE** | ) | |
| **FARM INSURANCE, SYNCB/CARE CREDIT,** | ) | |
| **SYNCB/JCPENNEY, SYNCB/LOWES,** | ) | |
| **SYNCHRONY BANK, TRANSWORLD** | ) | |
| **SYSTEMS, VERIZON WIRELESS, XFINITY,** | ) | |
| **OFFICE OF THE UNITED STATES** | ) | |
| **TRUSTEE, and RONDA J. WINNECOUR,** | ) | |
| **CHAPTER 13 TRUSTEE,** | ) | |
|       Respondents. | ) | |

## ORDER EMPLOYING SPECIAL COUNSEL

     **AND NOW**, this __18th Day of September, _____, 2019, upon consideration of the Debtor's **APPLICATION FOR APPROVAL OF JOHN J. ZAGARI, ESQ., AND ZAGARI LAW OFFICE AS SPECIAL COUNSEL FOR THE DEBTOR** filed at Doc. No. __19__ (the "Application"), it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

     (1)    The Application is approved as of the date the Application was filed.

     (2)    John J. Zagari, Esquire, and Zagari Law Office, 428 Forbes Avenue, Suite 1801, Pittsburgh, Pennsylvania 15219, is/are hereby appointed as Personal Injury Attorneys for the Debtor pursuant to the terms (including compensation terms) described in the Fee Agreement attached to the above-referenced Motion/Application for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtor in prosecuting a claim against Ben Welch giving rise to Debtor's personal injury claims as referenced in the foregoing Motion/Application, *provided however*, no settlement of any claim is to occur without prior Court Order after notice and hearing.

(3)    Professional persons or entities performing services in this case are advised Special Counsel for the Estate/Debtor pursuant to the terms (including compensation terms) described in the Fee Agreement attached to the above referenced Motion/Application for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtors in prosecuting Debtor's personal injury claims as referenced in the foregoing Motion/Application; provided, however, no settlement of any claim is to occur without prior Court Order after notice and hearing.

(4)    Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including:  the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(5)    Approval of any application for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms.  Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order.

*(6)    Applicant shall serve this Order on all interested parties and file a certificate of service.*

Honorable Gregory L. Taddonio
United States Bankruptcy Judge

**Case Administrator to mail to:**
**Debtor:  Lee W. Pillar**
**Counsel:  Joan Shinavski, Esquire**

**ENTERED BY DEFAULT**