FILED
9/18/19 2:26 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ) | Case No.:  19-23046-GLT |
| LEE W. PILLAR, ) | Chapter 13 |
|         Debtor ) | |
| LEE W. PILLAR, ) | Document No.: |
|         Movant ) | |
| v. ) | |
| ALLY FINANCIAL, CAVALRY PORTFOLIO ) | Hearing Date: |
| SERVICES, CAVALRY SPV 1 LLC, ) | October 8, 2019, at 10:30 a.m. |
| COMENITY BANK/BUCKLE ) | |
| DUQUESNE LIGHT COMPANY, ) | |
| EASTERN REVENUE INC., HUNTINGTON ) | |
| BANK, LAW OFFICES OF MITCHELL ) | Related to Docket No. 19 |
| BLUHM, M&T BANK, MIDLAND ) | |
| FUNDING LLC, PRA RECEIVABLES ) | |
| MANAGEMENT LLC, PENNSYLVANIA ) | |
| DEPARTMENT OF REVENUE, STATE ) | |
| FARM INSURANCE, SYNCB/CARE CREDIT, ) | |
| SYNCB/JCPENNEY, SYNCB/LOWES, ) | |
| SYNCHRONY BANK, TRANSWORLD ) | |
| SYSTEMS, VERIZON WIRELESS, XFINITY, ) | |
| OFFICE OF THE UNITED STATES ) | |
| TRUSTEE, and RONDA J. WINNECOUR, ) | |
| CHAPTER 13 TRUSTEE, ) | |
|         Respondents. ) | |

## ORDER EMPLOYING SPECIAL COUNSEL

     **AND NOW**, this _18th Day of September,_____, 2019, upon consideration of the Debtor's **APPLICATION FOR APPROVAL OF JOHN J. ZAGARI, ESQ., AND ZAGARI LAW OFFICE AS SPECIAL COUNSEL FOR THE DEBTOR** filed at Doc. No. __19__ (the "Application"), it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

     (1)    The Application is approved as of the date the Application was filed.

     (2)    John J. Zagari, Esquire, and Zagari Law Office, 428 Forbes Avenue, Suite 1801, Pittsburgh, Pennsylvania 15219, is/are hereby appointed as Personal Injury Attorneys for the Debtor pursuant to the terms (including compensation terms) described in the Fee Agreement attached to the above-referenced Motion/Application for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtor in prosecuting a claim against Ben Welch giving rise to Debtor's personal injury claims as referenced in the foregoing Motion/Application, *provided however*, no settlement of any claim is to occur without prior Court Order after notice and hearing.

(3)     Professional persons or entities performing services in this case are advised Special Counsel for the Estate/Debtor pursuant to the terms (including compensation terms) described in the Fee Agreement attached to the above referenced Motion/Application for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtors in prosecuting Debtor's personal injury claims as referenced in the foregoing Motion/Application; provided, however, no settlement of any claim is to occur without prior Court Order after notice and hearing.

(4)     Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including:  the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(5)     Approval of any application for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms.  Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order.

*(6)     Applicant shall serve this Order on all interested parties and file a certificate of service.*

_____
Honorable Gregory L. Taddonio
United States Bankruptcy Judge

**Case Administrator to mail to:**
   **Debtor:  Lee W. Pillar**
   **Counsel:  Joan Shinavski, Esquire**

**ENTERED BY DEFAULT**

```
                             United States Bankruptcy Court
                             Western District of Pennsylvania
In re:                                                                  Case No. 19-23046-GLT
Lee W. Pillar                                                           Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: lfin                  Page 1 of 1          Date Rcvd: Sep 18, 2019
                              Form ID: pdf900             Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 20, 2019.
db             +Lee W. Pillar,    1707 Sohn Road,    Aliquippa, PA 15001-4527

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 20, 2019                             Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 18, 2019 at the address(es) listed below:
              James    Warmbrodt    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              Joan    Shinavski    on behalf of Debtor Lee W. Pillar joan@gabrielshieldslaw.com,
               jshinavski@hotmail.com;brandon@gabrielshieldslaw.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 5