Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Lee W. Pillar**
Debtor(s)

Bankruptcy Case No.: 19–23046–GLT
Issued Per 10/28/2019 Proceeding
Chapter: 13
Docket No.: 43 – 18
Concil. Conf.: February 6, 2020 at 11:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated August 28, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Feb. 6, 2020 at 11:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: Claim No. 7 of M&T Bank to be paid per order of 9/26/2019 (Doc. #38)

Claim No. 3 of HUD not to be paid, as no payments due.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: November 4, 2019

cc: All Parties in Interest to be served by Clerk in seven (7) days

```
                         United States Bankruptcy Court
                         Western District of Pennsylvania
In re:                                                             Case No. 19-23046-GLT
Lee W. Pillar                                                      Chapter 13
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0315-2           User: dbas               Page 1 of 2          Date Rcvd: Nov 04, 2019
                               Form ID: 149             Total Noticed: 25


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 06, 2019.
db             +Lee W. Pillar,    1707 Sohn Road,    Aliquippa, PA 15001-4527
sp             +John J Zagari,    Zagari Law Office,    428 Forbes Avenue,    Suite 1801,
                 Pittsburgh, PA 15219-1614
15098157       +Midland Funding LLC,    320 East Big Beaver,    Troy, MI 48083-1271
15115304       +U.S. Department of Housing and Urban Development,    451 7th Street S.W.,
                 Washington, DC 20410-0002

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 05 2019 03:23:11
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15098150       +E-mail/Text: ally@ebn.phinsolutions.com Nov 05 2019 03:10:16      Ally Financial,
                 PO Box 380901,    Minneapolis, MN 55438-0901
15098153        E-mail/Text: kburkley@bernsteinlaw.com Nov 05 2019 03:11:22      Duquesne Light,
                 Customer Care Dept.,    411 Seventh Avenue MD 6-1,    Pittsburgh, PA 15230
15098151       +E-mail/Text: bankruptcy@cavps.com Nov 05 2019 03:11:09      Cavalry Portfolio Services,
                 500 Summit Lake Drive Suite 4A,    Valhalla, NY 10595-2323
15098616       +E-mail/Text: bankruptcy@cavps.com Nov 05 2019 03:11:09      Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
15098152       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Nov 05 2019 03:10:30      Comenity Bank/Buckle,
                 PO Box 182789,    Columbus, OH 43218-2789
15136358       +E-mail/Text: kburkley@bernsteinlaw.com Nov 05 2019 03:11:22      Duquesne Light Company,
                 c/o Bernstein-Burkley, P.C.,    707 Grant St., Suite 2200, Gulf Tower,
                 Pittsburgh, PA 15219-1945
15098155       +E-mail/Text: bnc-capio@quantum3group.com Nov 05 2019 03:10:49      Law Offices of Mitchell Bluhm,
                 3400 Texoma Pky Suite 100,    Sherman, TX 75090-1916
15129070        E-mail/Text: camanagement@mtb.com Nov 05 2019 03:10:29      M&T Bank,    PO Box 840,
                 Buffalo, NY 14240
15098156        E-mail/Text: camanagement@mtb.com Nov 05 2019 03:10:29      M&T Bank,    PO Box 900,
                 Millsboro, DE 19966
15125196       +E-mail/Text: bankruptcydpt@mcmcg.com Nov 05 2019 03:10:53      Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
15110486        E-mail/Text: bnc-quantum@quantum3group.com Nov 05 2019 03:10:35
                 Quantum3 Group LLC as agent for,    CF Medical LLC,    PO Box 788,    Kirkland, WA  98083-0788
15098158       +E-mail/PDF: gecsedi@recoverycorp.com Nov 05 2019 03:22:18      SYNCB/Care Credit,
                 PO Box 965036,    Orlando, FL 32896-5036
15098159       +E-mail/PDF: gecsedi@recoverycorp.com Nov 05 2019 03:22:18      SYNCB/JCPenney,    PO Box 965007,
                 Orlando, FL 32896-5007
15098160       +E-mail/PDF: gecsedi@recoverycorp.com Nov 05 2019 03:22:18      SYNCB/Lowes,    PO Box 965005,
                 Orlando, FL 32896-5005
15098277       +E-mail/PDF: gecsedi@recoverycorp.com Nov 05 2019 03:22:18      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15119461       +E-mail/Text: bankruptcy@huntington.com Nov 05 2019 03:10:51      The Huntington National Bank,
                 P O Box 89424,    Cleveland OH 44101-6424
15098162       +E-mail/Text: bankruptcydepartment@tsico.com Nov 05 2019 03:11:20      Transworld Systems,
                 PO Box 15273,    Wilmington, DE 19850-5273
15130402        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 05 2019 03:22:36      Verizon,
                 by American InfoSource as agent,    PO Box 4457,    Houston, TX 77210-4457
15098163       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Nov 05 2019 03:10:11
                 Verizon Wireless,    500 Technology Drive Suite 550,    Saint Charles, MO 63304-2225
15098164       +E-mail/Text: documentfiling@lciinc.com Nov 05 2019 03:10:13      Xfinity,
                 219 Summit Park Drive,    Pittsburgh, PA 15275-1203
                                                                                              TOTAL: 21

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              M&T Bank
15098161        SYNCB/Scorerewards,   PO Box 965005,    FL 32895-5005
cr*            +Duquesne Light Company,   c/o Bernstein-Burkley, P.C.,
                 707 Grant Street, Suite 2200, Gulf Tower,    Pittsburgh, PA 15219-1945
15098154      ##+Eastern Revenue Inc.,   998 Old Eagle School Road Ste. 1204,    Wayne, PA 19087-1805
                                                                                   TOTALS: 2, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

```
District/off: 0315-2           User: dbas              Page 2 of 2              Date Rcvd: Nov 04, 2019
                               Form ID: 149            Total Noticed: 25
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 4, 2019 at the address(es) listed below:
          James    Warmbrodt     on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
          Joan    Shinavski    on behalf of Debtor Lee W. Pillar joan@gabrielshieldslaw.com,
           jshinavski@hotmail.com;brandon@gabrielshieldslaw.com
          Keri P. Ebeck     on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
           jbluemle@bernsteinlaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 5
```